IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FINANCIAL SYSTEMS TECHNOLOGY (INTELLECTUAL PROPERTY) PTY. LTD. and FINANCIAL SYSTEMS TECHNOLOGY PTY. LTD., | Case No. |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| CDW CORPORATION and MICROSOFT CORPORATION, | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Financial Systems Technology (Intellectual Property) Pty. Ltd. ("FST-IP") and

Financial Systems Technology Pty. Ltd. ("FST") (collectively, "Plaintiffs") file this complaint

for infringement of U.S. Patent Nos. RE40,520, entitled "Easily Expandable Data Processing

System And Method," (Exhibit A) and RE40,063, entitled "Data Processing And Method For

Maintaining Cardinality In A Relational Database," (Exhibit B) by CDW Corporation and

Microsoft Corporation (collectively, "Defendants") as follows:

## JURISDICTIONAL STATEMENT

1.      This is a claim for patent infringement that arises under the patent laws of the

United States, Title 35 of the United States Code.  This Court has original jurisdiction over the

subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

## BACKGROUND

2.      This case relates to U.S. Patent No. RE40,520, entitled "Easily Expandable Data

Processing System and Method," which, after a full and fair examination, was duly and legally

issued in the name of Karol Doktor on September 23, 2008 ("the '520 patent"), and U.S. Patent

No. RE40,063, entitled "Data Processing and Method for Maintaining Cardinality in a Relational Database," which, after a full and fair examination, was duly and legally issued in the name of Karol Doctor on February 12, 2008 ("the '063 patent") (collectively, "the Doktor Patents").

3.    The inventions claimed in the Doktor Patents pertain generally to technology which has become fundamental to modern day, commercially successful computer database management systems.    The Doktor Patents relate to systems and methods for analyzing, modifying and searching through large scale databases at high speed.

4.    The '520 patent has been subject to multiple examinations by the United States Patent and Trademark Office ("USPTO").   In each instance, the USPTO has confirmed the validity of each claim of the '520 patent.

5.    The '520 patent was originally issued on October 20, 1998 as U.S. Patent No. 5,826,259.

6.    The '063 patent has been subject to multiple examinations by the USPTO.   In each instance, the USPTO has confirmed the validity of each claim of the '063 patent.

7.    The '063 patent was originally issued on October 7, 1997 as U.S. Patent No. 5,675,779.

8.    The '520 patent was the subject of a patent infringement lawsuit brought by FST-IP and FST against Oracle Corporation, captioned as *Financial Systems Technology* (*Intellectual Property) Pty. Ltd., et al. v. Oracle Corporation*, Civil Action No. 2:08-cv-371 (E.D. Tex.).

9.    Oracle Corporation ("Oracle") filed two requests for reexamination of U.S. Patent No. 5,826,259 ("the '259 patent") in the USPTO.  Oracle identified several prior art patents and publications as part of the reexamination requests and asserted that the prior art invalidated claims of the patent.  FST-IP also filed a request to reissue the '259 patent.

10.     After full and fair consideration of the claims of the '259 patent and a thorough analysis of the prior art submitted as part of the reexaminations and reissue requests, the USPTO granted the reissued '520 patent.

11.     After Oracle filed its requests for reexamination of the '259 patent, FST-IP sought reissue of U.S. Patent No. 5,675,779 ("the '779 patent").

12.     After full and fair consideration of the claims of the '799 patent and a thorough analysis of the prior art submitted as part of the reissue requests, the USPTO confirmed the validity of the claims and granted the reissued '063 patent.

13.     After the USPTO granted the reissued '520 and '063 patents, FST-IP, FST and Oracle entered into a settlement agreement which resulted in the dismissal of the above-referenced patent litigation.

## THE PARTIES

14.     Plaintiff FST-IP is a company organized and existing under the laws of Australia. FST-IP maintains its principal place of business at 17-33 Milton Parade, Suite 334, Malvern, Victoria, 3144, Australia. FST-IP is the owner of the Doktor Patents and all intellectual property rights referenced herein.

15.     Plaintiff FST is a software development company organized and existing under the laws of Australia, and is wholly owned by Plaintiff FST-IP. FST maintains its principal place of business at 17-33 Milton Parade, Suite 334, Malvern, Victoria, 3144 Australia. FST is the exclusive licensee of the Doktor Patents and all intellectual property rights referenced herein.

16.     Plaintiffs own and have standing to sue for infringement of the Doktor Patents.

17.     Upon information and belief, CDW Corporation ("CDW") is an Illinois corporation having its principal place of business at 200 N Milwaukee Ave, Vernon Hills, IL 60061.

18.     Upon information and belief, Microsoft Corporation ("Microsoft") is a Washington corporation having its principal place of business at 1 Microsoft Way, Redmond, WA 98052.

## JURISDICTION AND VENUE

19.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

20.     CDW owns, operates, and/or conducts business through the distribution and sale of computer technology through its website www.cdw.com. CDW has committed acts of infringement in this judicial district, resides in this judicial district, is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, and has established sufficient contacts with the State of Illinois such that it should reasonably and fairly anticipate being brought in to court in Illinois.

21.     Microsoft has committed acts of infringement in this judicial district, is registered to do business in the State of Illinois, is doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, and has established sufficient contacts with the State of Illinois such that it should reasonably and fairly anticipate being brought in to court in Illinois.

22.     Microsoft manufactures infringing software products such as Microsoft SQL Server and Microsoft Commerce Server. CDW is a distributor of Microsoft products, including Microsoft SQL Server and Microsoft Commerce Server. Microsoft and CDW are jointly and severally liable for infringement, and their infringement arises out of the same transaction, occurrence, and series of transactions or occurrences. Questions of fact common to Microsoft and CDW will arise in this action.

## CLAIMS FOR PATENT INFRINGEMENT

23.    To the extent required by law, Plaintiffs have complied with the provisions of 35 U.S.C. § 287.

24.    CDW has infringed at least claim 10 of the '520 patent and at least claim 4 of the '063 patent within the meaning of 35 U.S.C. § 271(a) by selling and offering for sale, and continuing to sell and offer to sell, database technology, including, without limitation, Microsoft SQL Server and Microsoft Commerce Server.

25.    CDW's above stated acts of infringement have injured Plaintiffs and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

26.    Microsoft has infringed at least claim 10 of the '520 patent and at least claim 4 of the '063 patent within the meaning of 35 U.S.C. § 271(a) by making, using, importing, selling and offering for sale, and continuing to make, use import, sell and offer for sale, database technology, including, without limitation, Microsoft SQL Server and Microsoft Commerce Server.

27.    Microsoft has infringed at least claim 10 of the '520 patent and at least claim 4 of the '063 patent within the meaning of 35 U.S.C. § 271(b) by knowingly and intentionally inducing direct infringement of the Doktor Patents by others, such as customers and end users, who use Microsoft SQL Server and Microsoft Commerce Server.  Microsoft has had actual notice of the Doktor Patents, and of its infringing activity, since at least February 2, 2011.

28.    Microsoft has infringed at least claim 10 of the '520 patent and at least claim 4 of the '063 patent within the meaning of 35 U.S.C. § 271(c) by knowingly and intentionally contributing to the direct infringement of the Doktor Patents by others, such as its customers and end users, who use Microsoft SQL Server and Microsoft Commerce Server.  Microsoft has

contributed to such infringement by knowingly selling and offering to sell, and continuing to knowingly sell and offer to sell, the aforementioned products and services, where such products and services constitute a material part of the patented invention, which Microsoft knows are especially made or adapted for use in an infringing manner, and which Microsoft knows are not staple articles or commodities of commerce suitable for substantial non-infringing uses. Microsoft has had actual notice of the Doktor Patents, and of its infringing activity, since at least February 2, 2011.

29. Microsoft's above stated acts of infringement have injured Plaintiffs and Plaintiffs are entitled to recover damages adequate to compensate them for such infringement, but in no event less than a reasonable royalty.

WHEREFORE, Plaintiffs respectfully ask this Court to enter judgment against each of CDW and Microsoft (including each of their respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them) granting the following relief:

a. The entry of judgment in favor of Plaintiffs and against CDW and Microsoft;

b. An award of damages as to each of CDW and Microsoft, such damages adequate to compensate Plaintiffs for the infringement that has occurred by each of CDW and Microsoft, but in no event less than a reasonable royalty as permitted by 35 U.S.C. §284, together with prejudgment interest from the date infringement began;

c. A finding that this case is exceptional and an award to Plaintiffs of their reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285;

d. A permanent injunction prohibiting each of CDW and Microsoft from further acts of infringement; and

e.        Such other relief that Plaintiffs are entitled to under law, and any other and

further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues presented in this Complaint.

Date:  October 13, 2011                                  Respectfully submitted,

                                                        /s/ Dean D. Niro
                                                        Raymond P. Niro
                                                        Dean D. Niro
                                                        Patrick F. Solon
                                                        Dina M. Hayes
                                                        Robert A. Conley
                                                        Oliver D. Yang
                                                        NIRO, HALLER & NIRO
                                                        181 W. Madison, Suite 4600
                                                        Chicago, IL 60602
                                                        (312) 236-0733
                                                        Fax: (312) 236-3137
                                                        rniro@nshn.com; dniro@nshn.com
                                                        solon@nshn.com; hayes@nshn.com;
                                                        rconley@nshn.com; oyang@nshn.com

                                                        *Attorneys for Financial Systems Technology*
                                                        *(Intellectual Property) Pty. Ltd. and Financial*
                                                        *Systems Technology Pty. Ltd.*